## Case No. 16,311.

UNITED STATES v. SLACUM.

[1 Cranch, C. C. 485.] [1]

Circuit Court, District of Columbia. July Term, 1808.

CRIMINAL LAW — STATUTE OF LIMITATIONS — ASSAULT AND BATTERY.

1. The act of congress of April 30, 1790, § 32 [1 Stat. 112], which limits the prosecution of offences not capital to two years, applies to cases of assault and battery at common law in the District of Columbia.

[Cited in U. S. v. Six Fermenting Tubs, Case No. 16,296.]

2. The finding of an informal presentment is not the finding or instituting of the indictment, so as to take the case out of the statute.

Indictment for assault and battery. The defendant pleaded the act of congress of April, 1790 (1 Stat. 112), by which prosecutions are limited to two years, after the offence committed. Replication that a presentment was found for the offence within the two years. General demurrer.

Mr. Swann, for defendant. The words of the act are: "Nor shall any person be prose-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

cuted, tried, or punished for any offence not capital, nor for any fine or forfeiture under any penal statute, unless the indictment or information for the same shall be found or instituted within two years from the time of committing the offence, or incurring the fine or forfeiture aforesaid." The supreme court of the United States, in the case of Adams v. Wood. 2 Cranch [6 U. S.] 336, decided that the statute was a bar to all kinds of prosecution and for offences created by acts of congress since 1790.

Mr. Jones, U. S. Atty. for the District of Columbia, contended that the act of congress applies only to offences created by acts of congress, not to cases of assault and battery at common law. At the time of passing the act of limitation, there were no crimes against the United States, but statutory crimes. "Instituting" an indictment, is as appropriate as "finding" an indictment. The presentment was the institution of the indictment. A presentment is tantamount to an indictment. An indictment is only a specification of a presentment. "Instituted" is a broader term than "found."

Mr. Swann, in reply. The general acts of congress apply to this district, unless repugnant to the adopted laws of Virginia. Assault and battery is included in the act of congress, and is within the reason of the cases mentioned in the act. If an informal presentment of a grand jury may be said to be the institution of an indictment, the act might be completely evaded.

THE COURT (DUCKETT, Circuit Judge, absent) was of opinion that the act of congress applied to cases of assault and battery; that the finding of a previous presentment was not the finding nor institution of the indictment; that the act of congress was a good bar to the prosecution; and that therefore the replication was bad.